CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 09, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAVON LAMONT ARRINGTON,<br>    Plaintiff,<br><br>v.<br><br>J. ADAMS,<br>    Defendant. | Civil Action Nos. 7:23-cv-00603<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Javon Lamont Arrington, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 that was severed into two cases, including the above-captioned matter alleging that defendant J. Adams violated his due process rights when finding plaintiff guilty on disciplinary charges. (Dkt. No. 1-1.) Defendant moves to dismiss. (Dkt. No. 13.) The court issued a *Roseboro* notice (Dkt. No. 15), and plaintiff did not respond to the motion to dismiss. Defendant's motion to dismiss will be granted.

Also before the court are a series of affidavits that the court construes as a motion for a preliminary injunction. (*See* Dkt. No. 5.) Construed as such, plaintiff's motion will be denied.

I.  BACKGROUND

Plaintiff originally filed his complaint on April 14, 2023, and this action was severed from the original action on September 19, 2023. (Dkt. Nos. 1, 10, 11 in Case No. 7:23-cv-210 (W.D. Va.).) Plaintiff's claim in this matter is that Adams "deliberately violated my due process by finding me guilty of all charges during year of 2023 by way of conspiracy . . ." (Compl. 2, Claim #2, Dkt. No. 1.) Plaintiff alleges that "they never gave me proper forms to prepare a defense at time of every charge that was falsely written." (*Id.*) This caused plaintiff to lose phone privileges and money, resulting in poor communication with his family. (*Id.*) Plaintiff

claims that Adams allowed officers to forge their signature "stating I had received forms at date of service." (*Id.*)

After this action was severed, Arrington filed four affidavits, each dated October 3, 2023. (Dkt. No. 5.) Taken together, these affidavits assert that Arrington fears for his life and safety at Red Onion State Prison, that he has been threatened by the officers he has "civil claims against," that those officers have bribed gang members to harm Arrington, and that he wants to be separated from those officers or transferred to a different facility. (*See id.*)

## II. ANALYSIS

**A. Motion to Dismiss**

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

The court agrees with defendant that plaintiff's allegations are not sufficient to provide fair notice of plaintiff's claim against him. First, plaintiff's reference to "all charges during year of 2023" is too vague to alert Adams to the charges at issue because plaintiff later refers to "every charge that was falsely written," which implies that some charges were proper and not falsely written. Second, plaintiff's reference to a conspiracy and using the word "they" does not give Adams notice of who he was alleged to have conspired with. Ultimately, plaintiff's complaint does not contain sufficient facts which, accepted as true, state a plausible claim for relief against Adams.

The court will grant defendant's motion to dismiss this matter.

**B. Motion for Preliminary Injunction**

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." *Omega World Travel v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16. "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." *Pac. Radiation Oncology*, 810 F.3d at 636; *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (affirming the denial of a motion for preliminary injunction that was based on new assertions of retaliation that were "entirely different from the claim raised and the relief requested in the inmate's inadequate medical treatment lawsuit").

Applying these standards, Arrington's motion does not satisfy any of the requirements set forth in *Winters*. Arrington has not shown that he is likely to succeed on the merits of his claims in this action. Arrington's complaint does not state a plausible claim for relief. Moreover, Arrington's motion does not seek to prevent harm caused by the conduct asserted in the underlying complaint. Instead, the motion is based on incidents that allegedly occurred after the instant action was filed. These new allegations are unrelated to the conduct described in the complaint,[1] and therefore, cannot provide the basis for a preliminary injunction in this lawsuit. *See Nealson v. Blankenship*, Civil Action No. 7:23-cv-00071, 2023 WL 2776069, at *1 (W.D.

---

[1] They are also unrelated to the claims in Case No. 7:23-cv-210, which alleged that plaintiff was forced to live with a broken toilet for three days and was dismissed on October 24, 2023.

Va. Apr. 4, 2023) (denying motion for preliminary injunction because "[t]hese new allegations, while undoubtedly troubling, are not clearly related to the conduct described in the complaint") (citing *Devose*, 42 F.3d at 471).

### III.  CONCLUSION

Because plaintiff's complaint does not state a plausible claim for relief, the court will grant defendant's motion to dismiss. The court will also deny plaintiff's motion for a preliminary injunction.

Entered: September 9, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge